**Shalev Amar (022332)**
**samar@pryorandamar.com**
**Henry Vorderbruggen (022653)**
**Amar Law Group, PLLC**
**40 W. Baseline Road, Suite 208**
**Tempe, AZ 85283**
**(480) 947-7755**
**(866) 663-3497 (facsimile)**
**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Derek Houston,** ) | Case No.: |
| ) | |
| Plaintiff, ) | **COMPLAINT -** |
| ) | **VIOLATION OF THE MAGNUSON-** |
| vs. ) | **MOSS WARRANTY ACT AND** |
| ) | **VIOLATION OF THE ARIZONA** |
| **FCA US, LLC d/b/a Ram,** ) | **MOTOR VEHICLE WARRANTIES** |
| ) | **ACT** |
| Defendant. ) | |
| ) | |

1.  The District Court has jurisdiction to hear this matter under 28 U.S.C. § 1331 as there is a federal question pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*. Jurisdiction is also conferred through 15 U.S.C. § 2310(d) as the amount in controversy exceeds $50,000.00. There is also diversity jurisdiction as the amount in controversy is over $75,000 and the parties are citizens of different states. The Court has pendent jurisdiction over Plaintiff's A.R.S. § 44-1261 *et seq*. claim.

2.  The Plaintiff, Derek Houston ("Plaintiff"), is an Arizona consumer.

3.  The Defendant, FCA US, LLC d/b/a Ram ("Defendant") is a foreign corporation authorized to do business in the State of Arizona and is engaged in the

manufacture, sale, supply and distribution of motor vehicles and attendant warranties. Defendant supplies its products and services to the Arizona consuming public through its authorized dealerships, including LHM Dodge Ram Tucson.

4. On June 13, 2018, Plaintiff purchased from LHM Dodge Ram Tucson a new 2019 Ram 1500, Vehicle Identification No. 1C6RREHT0KN509334 ("1500") manufactured and supplied by Defendant, for a total financed price of $80,805.48.

5. In connection with Plaintiff's purchase of the 1500, Defendant issued and supplied Plaintiff with its written warranty, which has *inter alia* three (3) year/36,000-mile bumper to bumper coverage and five (5) year/60,000-mile powertrain coverage.

6. In addition, under Defendant's repair or replacement warranty, Defendant was required (through its authorized dealership warranty repair agents) by common law, State law, and statute to perform adequate and competent repairs or replacements within a reasonable opportunity, as competent repairs within a reasonable opportunity is the essential purpose of warranties restricted to repair or replacement of defective parts.

7. Plaintiff experienced multiple non-conformities with the 1500 that manifested shortly after acquisition including defective: trim (6 repair attempts), brakes (5 repair attempts), electrical system (5 repair attempts), windows (5 repair attempts), doors (5 repair attempts), glove box (5 repair attempts), side steps (4 repair attempts), hood (4 repair attempts), speakers (4 repair attempts), tail pipe (4 repair attempts), transmission (3 repair attempts), radio (3 repair attempts), TCM (2 repair attempts), center console (2 repair attempts), seat belt (2 repair attempts), HVAC (2 repair attempts), battery, PCM, rough idling condition, TPIM, engine, mirrors, and suspension.

8. The 1500 was~~t~~ repeatedly presented to repair these defects and non-conformities to Defendant's designated repair agents, at Earnhardt's Chrysler Jeep Dodge Ram, in Gilbert, Arizona, where the warranty repairs have taken one-hundred and thirty (130) days to perform.

9. The eight (8) separate repairs to the 1500's sensors, the six (6) separate repair attempts to the vehicle's trim, the five (5) separate repair attempts to the vehicle's electrical system, the five (5) separate repair attempts to the vehicle's windows, the five (5) separate repair attempts to the vehicle's doors, the five (5) separate repair attempts to the vehicle's glove box, the five (5) separate repair attempts to the vehicle's side steps, the four (4) separate repair attempts to the vehicle's hood, the four (4) separate repair attempts to the vehicle's speakers, and the four (4) separate repair attempts to the vehicle's tail pipe all meet and/or exceed ~~or meet~~ the Arizona Motor Vehicle Warranties Act, A.R.S. §44-1261 *et seq*. ("Lemon Law") presumption of what is a reasonable number of repair attempts (4 repairs) to cure the 1500.  *See* A.R.S. §44-1264 (A)(1).

10. The one-hundred and thirty (130) days the vehicle was out of service by reason of warranty repair exceed by *more than quadruple* the Lemon Law's thirty (30) day presumption of unreasonableness.  *See* A.R.S. §44-1264 (A)(2).

11. The 1500 remains defective and non-conforming.

12. The above-—mentioned conditions and inadequate warranty repairs constitute substantial impairment in the use and value of the subject vehicle to Plaintiff.

13. Plaintiff provided Defendant, through its designated dealership warranty repair agents a reasonable opportunity to repair the defects, non-conformities and conditions within the 1500.

14. Defendant failed to cure the 1500 despite reasonable opportunities and thus the 1500's warranty failed its essential purpose.

15. Defendant's failure to correct the 1500's defects within a reasonable opportunity violates Defendant's statutory and common law duties to Plaintiff and the expectations created by Defendant's promotional documents and warranties.

16. Defendant has had notice of the 1500's conditions and an opportunity to cure the defects.

17. Plaintiff gave Defendant additional notification of the defects within the 1500 and the excessive number of times Defendant's authorized repair agents attempted repairs, as well as Plaintiff's lawful demand for the remedies provided by the Lemon Law, on June 18, 2019.

18. Plaintiff and Defendant were unable to reach an out of court accord.

19. Plaintiff did not receive the basis of his bargain for a new 1500. Instead Plaintiff was saddled with a 1500 riddled with substantial defects akin to an improperly maintained high mileage lower value used vehicle.

20. As a direct and proximate result of Defendant's failure to comply with its written warranty, statutory obligations, and common law duties, Plaintiff has suffered damages and, in accordance with 15 U.S.C. §2310(d), Plaintiff is entitled to bring suit for such damages.

21. Plaintiff has met all legal and enforceable obligations and preconditions provided for in Defendant's warranty and by statute(s).

22. Plaintiff demands a trial by jury.

## COUNT I—BREACH OF WRITTEN WARRANTY PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT

23. Plaintiff re-alleges and incorporates by reference paragraphs 1-22 in this Complaint.

WHEREFORE, pursuant to 15 U.S.C. § 2310(d), Plaintiff prays for the following relief against Defendant for its written warranty breach:

a. An award of diminution in value damages and any equitable relief to which Plaintiff is entitled;

b. All incidental and consequential damages;

c. All attorneys' fees, expert fees and court costs incurred during the commencement and prosecution of this matter; and,

d. All other relief deemed justified by this Court.

## COUNT II—VIOLATION OF THE ARIZONA MOTOR VEHICLE WARRANTIES ACT

24. Plaintiff re-alleges and incorporates by reference paragraphs 1-23 in this Complaint.

25. In accordance with A.R.S. § 44-1263 *et seq.*, Plaintiff is entitled to equitable relief in the form of a refund of the subject vehicle's purchase price or a comparable replacement vehicle.

WHEREFORE, pursuant to A.R.S. § 44-1261 *et seq.*, Plaintiff prays for the following remedies against Defendant:

a. A new replacement vehicle or full refund of the purchase price inclusive of ~~financing~~ collateral charges accrued minus a reasonable usage fee not to exceed ten (10) cents per mile (at Plaintiff's election);

b. All reasonable attorneys' fees, expert fees and court costs incurred during the commencement and prosecution of this matter; and,

c. All other relief deemed justified by this Court.

**RESPECTFULLY SUBMITTED** this 18th day of September, 2019.

By: /s/*Henry Vorderbruggen*
    Shalev Amar
    Henry Vorderbruggen
    Amar Law Group, PLLC
    40 W. Baseline Road, Suite 208
    Tempe, AZ 85283
    (480) 947-7755
    (866) 663-3497 (facsimile)
    Attorneys for Plaintiff